**PRISMA ZONA EXPLORATORIA DE PUERTO RICO, INC. Plaintiff,**

v.

**Sila M. CALDERON, et al., Defendant**

**No. 01–1836 (PG).**

United States District Court,
D. Puerto Rico.

Aug. 14, 2001.

Jane A. Becker–Whitaker, Law Offices of Jane Becker, Whitaker, PSC, Luis G. Rullan–Marin, Zoraida Buxo–Santiago, Rullan & Buxo, P.S.C., San Juan, for Prisma Zona Exploratoria de Puerto Rico, Inc., plaintiffs.

Salvador J. Antonetti–Stutts, Director, Department of Justice of PR, Federal Litigation Division, Carlos Del–Valle–Cruz, Department of Justice of P.R., Federal Litigation Division, San Juan, PR, for Sila Maria Calderon.

Carlos Del–Valle–Cruz, Department of Justice of P.R., Federal Litigation Division, San Juan, PR, for Juan Agosto-Alicea, Jose V. Pagan.

Rafael Escalera–Rodriguez, Reichard & Escalera, Nestor J. Navas–D'Acosta, Reichard & Escalera, San Juan, PR, Salvador J. Antonetti-Stutts, Director, Dept. of Justice of PR, Federal Litigation Div., San Juan, PR, for Jorge Pesquera.

Rafael Escalera–Rodriguez, Reichard & Escalera, Nestor J. Navas–D'Acosta, Reichard & Escalera, San Juan, PR, for Children's Trust Fund, Government Development Bank.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court is plaintiff's Motion to Compel the Appearance of the Honorable

Sila M. Calderon at a Deposition (Dkt.19) and defendants' Motion Seeking Protective Order. After carefully reviewing the record and pertinent case law, the Court is ready to rule.

In the Complaint plaintiff's allege that defendants "discriminatorily denied disbursement of PRISMA's operational and capital expenditure funds—earmarked, approved and granted since September 1999 by the previous governmental administration—based on political discriminatory reasons" in violation of its first amendment, equal protection and due process rights under the Constitution of the United States. Plaintiff has asked the Court, among other things, to enter a preliminary injunction ordering defendants to release the funds approved and certified, pay all future certifications filed in compliance with the procedures established by the trust and pay operating costs as approved by the Children's Trust. A preliminary injunction hearing is scheduled to take place on August 20, 2001. Defendants responded by filing a motion to dismiss based on Eleventh Amendment immunity and qualified immunity grounds. The motion to dismiss stands submitted.

In its motion to compel, plaintiff asks the Court to order the taking of Honorable Sila M. Calderon's deposition because "Governor Calderon is the reason why plaintiff is suffering the fate that it faces." Defendant Calderon responds by citing two Supreme Court cases: *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) and *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). According to defendant, the Court, in following the Supreme Court, should first rule on defendant's motion to dismiss before allowing discovery. The Court should enter a protective order disallowing plaintiff from taking Calderon's deposition until the Court rules on the immunity issue.

Defendant's argument is flawed. A review of current case law demonstrates that the Supreme Court has had occasion to refine and clarify its *Harlow* and *Siegert* rulings. In *Crawford–El v. Britton*, 523 U.S. 574, 593 n. 14, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), the Court stated that:

Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from *all* discovery. *Harlow* sought to protect officials from the costs of "broad-reaching" discovery, 457 U.S., at 818, 102 S.Ct., at 2738, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.

*Crawford–El v. Britton*, 523 U.S. at 593 n. 14, 118 S.Ct. 1584 citing *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) and *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In *Anderson*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Court explained that:

. . . discovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity.

*Anderson*, 483 U.S. 635 at n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The discovery sought by plaintiff is clearly not of the type envisioned by the *Harlow* decision. The *Harlow* decision and its progeny only protects "broad reaching" discovery that would disturb the normal functioning of the Government. The discovery sought in this case asks only for the Governor to submit to her deposition that would take place at the time and

place of her convenience. This restricted and accommodating type of discovery is far from the "evils" that the *Harlow* decision aimed to address. Said deposition is not to last more than 3 hrs and must be tailored specifically to the question of qualified immunity. Plaintiffs are forewarned not to inquire as to anything outside the scope of immunity.

The Court is convinced that the discovery sought by plaintiff is needed for a just resolution of defendants' motion to dismiss. Determination of whether a reasonable official should have understood that a specific conduct violated a clearly established constitutional right, or whether an entity is to be considered an "arm of the state", are fact intensive inquiries. As such, limited discovery is needed to uncover the facts that will allow the Court to make a just determination.

Wherefore, Defendants' Motion Seeking a Protective Order is **DENIED.** Defendant Calderon is ordered to submit to a deposition at her earliest convenience, at a place of her convenience, but before the August 20, 2001 hearing.

**IT IS SO ORDERED.**